UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO BERNABE FLORES,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | NO. SACV 17-1154-GW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge except as set forth below.

The Court exercises its discretion to consider Petitioner's new equitable tolling argument and the additional evidence attached to Petitioner's objections. *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (finding abuse of discretion in refusing to allow petitioner to

present new equitable tolling argument and evidence in objections to report and recommendation).

Petitioner attaches documents to his objections indicating that he submitted the petition to the prison for mailing on June 24, 2017. (Obj. at 14.) Based on this documentation, the Court finds a constructive filing date of June 24, 2017 and therefore does not accept the Report's finding of a constructive filing date of June 30, 2017. (Report at 2, 4.)

Petitioner argues that he is entitled to equitable tolling for the period August 31, 2015 until a week after his transfer to another prison on February 9, 2016. (Obj. at 3.)[1] Petitioner attaches evidence indicating that he was placed in an administrative segregation unit (ASU) on August 31, 2015 for committing battery on an inmate with a weapon resulting in serious bodily injury. (*Id.* at 7.) Petitioner also attaches evidence that he was transferred to a different prison on February 9, 2016. (*Id.* at 11.) Petitioner explains that, during this time period, he did not have access to his legal files. (*Id.* at 3.)

Petitioner is entitled to equitable tolling during the period August 31, 2015 through February 16, 2016 due to denial of access to his legal materials.[2] *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026-27 (9th Cir. 2005) (granting equitable tolling while petitioner was denied access to legal materials in administrative segregation).

Nevertheless, the Petition remains time barred. Petitioner still had five months to prepare a petition before the one-year statute of limitations expired on July 21, 2016. (Report at 3); *see Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir.

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.

[2] Otherwise, limited access to a law library while in administrative segregation is not sufficient for equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

2

2011) (rejecting equitable tolling argument when petitioner waited nearly five months to file federal habeas petition);[3] *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (finding petitioner could have filed petition earlier assuming some lateness was excused). Petitioner has not shown that he exercised reasonable diligence during this period. *See Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014) (permitting courts to consider diligence after extraordinary circumstances for equitable tolling lifted). As the Report notes, Petitioner constructively filed his first state habeas petition on June 5, 2016. (Report at 2.) The Superior Court denied the petition as untimely on August 1, 2016. (*Id.*) Petitioner waited until June 24, 2017 to constructively file the Petition in federal court.

      Petitioner contends that the state court's finding of untimeliness was erroneous. When, as here, the state court's timeliness ruling is clear, "that is 'the end of the matter.'" *Curiel v. Miller*, 830 F.3d 864, 871 (9th Cir. 2016) (en banc) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). The Superior Court denied the petition, which was filed after a "nearly three year delay," as untimely. (LD 4.) The California Supreme Court and the California Court of Appeal subsequently denied the state habeas petitions summarily. (LD 6, 8.) The Report found that Petitioner attached the Superior Court's decision to his petitions before both courts. (Report at 4.) Thus, the state court's timeliness ruling is clear. *Curiel*, 830 F.3d at 871 (finding that if California Supreme Court agreed with Superior Court's decision denying relief based on untimeliness, the Court could issue "a postcard denial without explanation or citation" or deny petition with citations).

      Petitioner argues that he did not raise his first ground for relief on direct appeal, contrary to the Report's description. (Report at 5.) Petitioner is correct

---

[3] Petitioner's five-month period is more than the one month that the petitioner had left in *Espinoza-Matthews*. 432 F.3d at 1028; *see also Gibbs*, 767 F.3d at 893 (two months left in limitations period).

but does not dispute the Report's conclusion that the factual predicate for all of Petitioner's grounds was known or through diligence could have been discovered before the date the conviction became final. (*Id.*) In Ground One, Petitioner complains that a juror failed to disclose his bias against gangs and that he had family in law enforcement until June 17, 2013, over two years before Petitioner's conviction became final. (Petition at 15-16, 29-39.) The record indicates Petitioner was present during the court's questioning of the juror and the court's discussion with counsel. (*Id.* at 29, 35.) Therefore, the Petition remains untimely.

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition as untimely is GRANTED and that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 22, 2018

_____
GEORGE H. WU
United States District Judge